UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY CABILES,

     Applicant,

v.                               CASE NO. 8:25-cv-716-SDM-CPT

WARDEN, PASCO COUNTY
     DETENTION CENTER,

     Respondent.

_____/

## ORDER

Cabiles applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges his detention for violating probation. Relief under Section 2241 is the proper remedy because Cabiles asserts no challenge to a state court judgment. Although jurisdiction resides in the federal courts, Cabiles cannot proceed in federal court before presenting the claim to the state courts — a process called exhaustion of state court remedies — as explained in *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490 (1973) (internal quotation omitted):

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement.

Unlike Section 2254, which explicitly requires exhaustion, Section 2241 contains no statutory exhaustion requirement. Nevertheless, a party seeking relief under Section

2241 must present the claim to the state court before seeking relief in federal court. *Moore v. DeYoung*, 515 F.2d 437, 442 (3rd Cir. 1975), explains that "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Accord Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) ("It is by now well-settled that district court may not grant a Section 2241 petition 'unless the petitioner has exhausted all available state remedies.'") (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985)); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring) (citing *Braden* and *Moore*).  By checking the "No" boxes on the application form Cabiles admits that he has not exhausted his state court remedies before seeking relief in federal court.

Cabiles alleges that the state is violating his due process rights by both relying on hearsay as the basis for withdrawing his probation and lacking credible evidence that he violated a condition of his probation.  To the extent that Cabiles requests this district court to intervene in a pending state criminal proceeding, the "abstention doctrine" generally bars federal intervention into an ongoing state court proceeding. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971).  *Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances.").

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED**

**WITHOUT PREJUDICE AS PREMATURE**.  The clerk must close this case.

ORDERED in Tampa, Florida, on March 31, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE